# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                                              :
                                    Petitioner              :
                                                            :
                    v.                                      :    No. 294 M.D. 2017
                                                            :    Submitted: November 16, 2018
PA Commission on Crime                                      :
and Delinquency,                                            :
                                    Respondent              :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                         **FILED:  March 19, 2019**

Before this Court is the Petition for Review (Petition) filed by Alton D. Brown (Brown), which invokes this Court's original and appellate jurisdictions.  In our appellate jurisdiction, Brown petitions for review of a determination of the Office of Victims' Services for the Pennsylvania Commission on Crime and Delinquency (Commission), which Brown contends denied his claim for compensation under the Crime Victims Act (Act).[1]  In our original jurisdiction, Brown alleges that the Commission's actions in handling his compensation claim violated his due process and equal protection rights.  For the reasons set forth below, we dismiss Brown's appellate jurisdiction claims as premature, remand the appellate

---

[1] Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. §§ 11.101-.5102.

jurisdiction matter to the Commission for the issuance of a final determination in accordance with Section 704 of the Act,[2] and dismiss Brown's original jurisdiction claims as moot.

In September 2014, Brown, an inmate at State Correctional Institution-Greene, filed a claim with the Commission, seeking compensation under the Act for certain expenses that he incurred as the victim of an alleged crime. (Certified Record (C.R.), Item No. 1.)  Brown alleged that he was the victim of an "ongoing widespread retaliatory campaign" by the Pennsylvania Department of Corrections (Department) since at least 2006 due to his "litigious and iconoclastic behavior" and, as a result thereof, has been subjected to "physical/psychological abuse/torture, denial of medical care for serious illnesses, intentional aggravation of serious chronic illnesses, intentional interference with effort to fight convictions, destruction/confiscation of property," mail confiscation, and untreated broken bones. (*Id.*)  Brown sought compensation for future medical expenses for treatment from an outside medical provider not associated with the Department, future counseling expenses for treatment from an unbiased professional, loss of earnings, and expenses for crime scene cleanup—*i.e.*, his "damaged body[,] which needs to be cleaned as much as possible by the appropriate professionals." (*Id.*)

By letter dated October 5, 2015, the Commission acknowledged receipt of Brown's claim and advised Brown that the Commission had begun to process his claim.  (C.R., Item No. 2.)  More specifically, the Commission's October 5, 2015 letter provided, in relevant part:

> The Victims Compensation Assistance Program [(Program)] received the claim form you filed requesting victim's compensation assistance.  This letter does not

---

[2] 18 P.S. § 11.704.

mean your claim is approved for payment but only that we have begun to process it. You will need to provide the items listed on the checklist so we can begin to process your claim. If no checklist is attached, no additional information is needed at this time. . . .

(*Id.*) Attached to the Commission's October 5, 2015 letter was a checklist, which provided, in pertinent part:

> **The following information is needed to process your claim**:
>
> 1. According to documentation submitted to the Program, you are seeking reimbursement for lost wages. The Program requires that you be employed at the time of the crime and you are having taxes withheld in order to consider compensation for loss [sic] earnings. You indicated on your claim form that your employer at the time is not applicable. Therefore you are ineligible for loss of earnings compensation.
>
> 2. According to the documentation submitted, you are requesting reimbursement for crime-scene cleanup. This benefit is intended to compensate for the reasonable and necessary costs for cleaning a private residential crime scene. Cleaning means to remove or attempt to remove blood or bodily fluid stains caused by the crime or other dirt and debris caused by the processing of the crime scene or stains from food, paint or other materials used to deface property within a private residence. Therefore, you are ineligible for crime scene cleanup compensation.
>
> 3. You indicated on your form that you are a victim of ongoing retaliation by staff. The following policy is being provided to you: Any inmate who is the victim of abuse should report the abuse in the following manner by filing a grievance in accordance with Department policy DC-ADM 804, "Inmate

3

> Grievance System;" or by reporting it in writing to the Department's Office of Special Investigations and Intelligence (OSII). We are unable to consider your request because [sic] is not an eligible expense under our Program.

(*Id.* (emphasis in original).) Brown responded to the Commission's October 5, 2015 letter on March 8, 2016, advising the Commission that prison staff had confiscated his files and requesting that the Commission send him copies of its file. (C.R., Item No. 3.) On August 10, 2016, Brown again responded to the Commission's October 5, 2015 letter, *inter alia*, advising the Commission that he had "submitted a very large amount of prison grievances and complaints with OSII during the course of the retaliatory attacks upon [him]," refuting the Commission's statements that he is not entitled to certain compensation under the Act, and providing further detail of the alleged injuries that he has sustained as a result of the Department's actions and/or inactions. (C.R., Item No. 5.) By letter dated August 23, 2016, the Commission advised Brown as follows:

> [The Commission] received your letter dated August 10th, 2016. You have requested that the [P]rogram assist you with arranging medical treatment and counseling outside of the [Department]. You have also requested assistance in obtaining documents that you do not have access to. The [P]rogram is not able to make these arrangements as these are not services that the [P]rogram offers. The [P]rogram can assist with medical bills and counseling bills after the services have been provided and billed. The [P]rogram does not coordinate care or make arrangements for these services. If you feel that you are being denied reasonable medical care, counseling, or denial of your documents and property, [y]ou should contact your attorney and file a civil suit. You may also want to contact your State Legislator and make them [sic] aware of your concerns.

4

(C.R., Item No. 6.) Brown appealed to this Court from the Commission's August 23, 2016 letter.

On appeal,[3] Brown argues that the Commission committed an error of law by: (1) failing to provide him with the opportunity to appeal the Commission's August 23, 2016 letter, which Brown characterizes as the Commission's initial denial of his claim for compensation, and failing to provide him with the opportunity for a hearing; (2) excluding prisoners from the victim compensation process established by the Act and/or requiring that prisoners meet additional conditions not required by the Act to be entitled to compensation; and (3) concluding that Brown was not entitled to compensation under the Act. In response, the Commission argues that it properly determined that Brown was not eligible for compensation under the Act.

An individual eligible for compensation under the Act, including a direct victim of a crime, may file a claim for compensation with the Commission. *See* Sections 701 and 702 of the Act.[4] The Commission is required to review the claim and supporting documentation and then investigate the claim to determine its validity. Section 704(b) of the Act. The Commission's investigation should include "an examination of police, court and official records and reports concerning the crime and an examination of medical and hospital reports relating to the injury upon which the claim is based." *Id.* Following its investigation, the Commission is required to make a determination regarding whether to grant an award or deny the

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[4] 18 P.S. §§ 11.701-.702.

claim. Section 704(c) of the Act. "If the [Commission] is unable to determine if a claim is justified based upon the supporting documents, [the Commission] may direct a hearing before a hearing examiner[,]" but it is not required to do so. *Id.* Ultimately, the Commission may not make an award under the Act unless the Commission determines by a preponderance of the evidence that:

> (1) A crime was committed.
>
> (2) The person injured or killed was a direct victim or intervenor.
>
> (3) The crime was promptly reported to the proper authorities. In no case may an award be made if the record shows that the report was made more than 72 hours after the occurrence of the crime unless:
>
>> (i) the victim is under 18 years of age at the time of the occurrence of the crime and the alleged offender is the victim's parent or a person responsible for the victim's welfare, an individual residing in the same home as the victim or a paramour of the victim's parent; or
>>
>> (ii) the [Commission] finds the delay to have been justified, consistent with bureau regulations.
>
> (4) The direct victim, intervenor or claimant has fully cooperated with all law enforcement agencies and the [Commission] unless the [Commission] finds the noncompliance to have been justified consistent with [the Commission's] regulations.

Section 707(a) of the Act.[5] A claimant who is dissatisfied with the Commission's final determination may file an appeal within 30 days of his/her receipt of a copy of the report containing such final determination in the manner set forth in Chapter 7,

---

[5] 18 P.S. § 11.707.

6

Subchapter A of the Administrative Agency Law[6] for appeals from administrative agencies. Section 705 of the Act.[7]

Here, the Commission did not issue a final determination on Brown's claim for compensation as required by Section 704 of the Act. First, the Commission's October 5, 2015 letter provides Brown with conflicting information. The letter clearly provides that the Commission is processing his claim (as opposed to approving or denying the claim). Although the letter includes a list of additional "information [that] is needed to process [Brown's] claim," the Commission includes language therein characterizing Brown as ineligible for certain compensation. (*See* C.R., Item No. 2.) Second, the Commission's August 23, 2016 letter simply advised Brown that the Commission cannot provide him with assistance in arranging outside medical treatment or counseling services or in obtaining copies of certain documentation because the Program does not offer such services. In neither letter does the Commission make any determination as to whether it is approving or denying Brown's claim for compensation. For these reasons, we must conclude that Brown's appeal is premature, because the Commission has not yet issued a final determination on Brown's claim for compensation as required by Section 704 of the Act.

Accordingly, we dismiss Brown's appellate jurisdiction claims as premature and remand the matter to the Commission for the issuance of a final

---

[6] 2 Pa. C.S. §§ 701-704.

[7] 18 P.S. § 11.705.

7

determination in accordance with Section 704 of the Act and dismiss Brown's original jurisdiction claims as moot.


                                           _____

                                           P. KEVIN BROBSON, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,  :
              Petitioner  :
                :
           v.  :     No. 294 M.D. 2017
                :
PA Commission on Crime  :
and Delinquency,  :
             Respondent  :

# O R D E R

AND NOW, this 19th day of March, 2019, it is hereby ordered that Petitioner Alton D. Brown's (Brown) appellate jurisdiction claims are DISMISSED as premature, and the matter is remanded to the Office of Victims' Services for the Pennsylvania Commission on Crime and Delinquency for the issuance of a final determination in accordance with Section 704 of the Crime Victim's Act, Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. § 11.704.  It is further ordered that Brown's original jurisdiction claims are DISMISSED as moot.

     Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge